UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AARON LEE CONNER** | **:** | **DOCKET NO. 2:22-cv-05198** |
| | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLEN CORRECTIONAL CENTER** | **:** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is a civil rights complaint [doc. 1], filed pursuant to 42 U.S.C. § 1983, by plaintiff Aaron Lee Conner, who is proceeding pro se and *in forma pauperis* in this matter. Plaintiff brings a claim of police brutality against the Allen Correctional Center in Kinder, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**I.**
**BACKGROUND**

In the present civil rights suit against the Allen Correctional Center, Plaintiff claims that on an unknown date, his hands were cuffed behind his back and his face was "rammed into the wall for no reason." Doc. 1, p. 4. He provides no additional details, nor does he name any individuals involved in this alleged event.

**II.**
**LAW & ANALYSIS**

*A. Frivolity Review*

Conner has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte*

dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003).

Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff should amend to comply with the requirements of Rule 8.

### D. Excessive Force Claim

Plaintiff should also amend his complaint to allege facts to demonstrate that the use of force was a violation of his Constitutional rights and not an appropriate exercise of force under the circumstances. He should state whether any criminal charges related to the incident in question were filed, and if so, the status of those charges. If charges were filed, and if he stands convicted of those charges, plaintiff's suit may be barred by the *Heck* Doctrine. *See Heck v. Humphrey*, 114 S.Ct. 2364 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence); and *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).

### E. Improper Defendant

Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity such as a corrections facility has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The Allen Correctional Center is not a "person" subject to suit under 28 U.S.C. § 1983. Plaintiff should amend to name a defendant capable of accepting service of the complaint and responding to plaintiff's allegations.

## III.
### CONCLUSION

Accordingly,

-5-

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 20st day of December, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE