UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AARON LEE CONNER** | : | **DOCKET NO. 2:22-cv-05198** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ALLEN CORRECTIONAL CENTER** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint (doc. 1), filed pursuant to 42 U.S.C. § 1983, by plaintiff Aaron Lee Conner, who is proceeding pro se and *in forma pauperis* in this matter. Plaintiff brings a claim of police brutality against the Allen Correctional Center in Kinder, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

In the present civil rights suit against the Allen Correctional Center, Plaintiff claimed that on an unknown date, his hands were cuffed behind his back and his face was "rammed into the wall for no reason." Doc. 1, p. 4. He provided no additional details, nor did he name any individuals involved in this alleged event.

On December 21, 2022, the undersigned ordered Conner to amend his complaint to provide additional information regarding his claims. Doc. 9. The Order was mailed to plaintiff at his last known address, yet he has not filed an amended complaint in accordance with the Order.

## II.
### LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Conner has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Conner's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE